UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ISHMAEL BENREUBEN,

        Plaintiff,                    24-cv-5915 (JSR)

    -against-                         ORDER

UNITED STATES OF AMERICA,

        Defendant.
```

JED S. RAKOFF, U.S.D.J.:

On October 10, 2023, petitioner Ishamel Benreuben pleaded guilty to conspiracy to commit brank fraud, bank fraud, and aggravated identify theft. See United States v. Benreuben, No. 22-cr-698. On January 10, 2024, the Court sentenced Mr. Benreuben to 78 months of imprisonment. See id. at ECF No. 36. Mr. Benreuben then filed a notice of appeal. See id. at ECF No. 37.

While his appeal was pending, Mr. Benreuben filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. See id. at ECF No. 41. As per this Court's ordinary practice regarding habeas petitions, that petition was filed on both Mr. Benreuben's criminal docket, see id. at 41, and a corresponding civil docket, see Benreuben v. United States, No. 24-cv-5915, ECF No. 1. However, for reasons that remain unclear to the Court, the docket entry accompanying the petition on the civil docket stated: "NO FURTHER ENTRIES. PLEASE SEE CRIMINAL CASE: 22-cr-698 (JSR)." Benreuben v. United States, No. 24-cv-5915, ECF No. 1. In any event, the Court subsequently denied the petition

1

without prejudice because Mr. Benreuben's direct appeal was still pending. The order denying the petition was docketed on Mr. Benreuben's criminal docket, only. See United States v. Benreuben, No. 22-cr-698, ECF No. 40.

After the Second Circuit issued its decision affirming this Court's final judgment in Mr. Benreuben's case, but before the mandate had issued, Mr. Benreuben, proceeding pro se, submitted various filings to the Court, asking for the Court to appoint counsel and seeking to reopen and supplement his original habeas petition. The Clerk of Court is respectfully directed to disregard the previous entry on 24-cv-5915 (JSR) stating "NO FURTHER ENTRIES" and docket those files, as well as any future files relating to Mr. Benreuben's habeas petition, on Mr. Benreuben's civil docket, rather than on his corresponding criminal docket. For convenience, however, ECF Nos. 40 and 41 on Mr. Benreuben's criminal docket, 22-cr-698 (JSR), which relate to Mr. Benreuben's prior attempted habeas, shall also be considered part of the record in Mr. Benreuben's renewed habeas case.

Once this Order and Mr. Benreuben's latest pro se filings appear on the civil docket, the Court will appoint CJA counsel to represent Mr. Benreuben with respect to his renewed habeas petition. The Court will then disregard any further pro se filings from Mr. Benreuben.

SO ORDERED.

New York, NY
5/8, 2025

_____
JED S. RAKOFF, U.S.D.J.

2